Defendant was charged with willfully and unlawfully building and maintaining a barbed wire fence along a public road and within ten yards thereof, without putting a railing or plank on top of said fence, not less than three inches wide, in violation of the statute. The jury found the following special verdict:
"We find that, at the commencement of this action, there was a certain public road running from the town of Bryson City along the lands of the defendant. We further find that the defendant, John Thomas, at the date of the commencement of this action, maintained a certain fence composed of three planks and two barbed wires, within ten yards of said public road. We find that said fence was constructed in the following manner: The three planks were placed at the bottom of the fence, one above another, to a height of from three to three and one-half feet above the ground, and that above said planks were stretched two strands of barbed wire; that there were no planks placed above said wires.
"If upon the above special verdict the court is of the opinion that the defendant is guilty, then we find him guilty; but if the court is of the opinion, upon the said special verdict, that the defendant is not guilty, then we find him not guilty."
His Honor being of the opinion that defendant was not guilty, (566) directed a verdict accordingly. The Solicitor for the State appealed.
Section 3769, Revisal, is in the following words: "If any person shall erect or maintain a barbed-wire fence along any public road or highway, and within ten yards thereof, without putting a railing or plank on top of said fence not less than three inches in width, he shall be guilty of a misdemeanor and fined or imprisoned at the discretion of the court. This section shall apply to the counties of Rowan, Swain, Haywood," etc. *Page 414 
The purpose of the Legislature in enacting the statute, and the danger to persons and animals passing along the public highway are manifest. The fence, described in the special verdict, comes clearly within the mischief at which the statute is directed. To hold that the entire fence, except the posts which support the wire, must be made of barbed-wire, would render the statute of but little value. We know from common observation that such fences usually have one or more boards, or planks, at the bottom, or next to the ground. The purpose of the Legislature was to protect travelers and stock from danger of coming in contact with the top wire, hence the necessity of a plank, or railing, on top as the statute requires. Giving effect to the language of the act, with a view of effectuating the intent of the Legislature and affording protection against the mischief aimed at, we think that, upon the special verdict, the defendant was guilty of violating the statute. This will be certified to the end that further proceedings may be had in accordance with the law.
Reversed.
(567)